IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF RLB CONTRACTING, INC., AS OWNER AND OPERATOR OF THE BAYOU CHEVRON AND JOHNATHON KING BOYD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § CIVIL ACTION NO. 4:18-cv-3844<br><br>ADMIRALTY RULE 9(h) |

### VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW RLB Contracting, Inc. ("RLB" or "Limitation Plaintiff") as owner and operator of the pusher tug BAYOU CHEVRON and dredge JOHNATHON KING BOYD, their engines, gear, tackle, *etc*. (collectively the "Vessels"), in a cause of action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 *et. seq*. (the "Limitation of Liability Act"), civil and maritime, and allege upon information and belief as follows:

**I.**

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions to the Federal Rules of Civil Procedure (the "Supplemental Rules").

**II.**

Limitation Plaintiff was, and is now, a Texas company that, at all material times, owned and operated the Vessels within the meaning of the Limitation of Liability Act.

**III.**

At all material times, the BAYOU CHEVRON was a pusher tug registered in the State of Texas, Coast Guard identification no. 1256006, built in 2010, with principal dimensions of 25

feet in length, 14 feet in breadth, and 4.5 feet in depth. At all material times, the BAYOU CHEVRON was in compliance with State and Federal regulations.

IV.

At all material times, the JOHNATHON KING BOYD was a dredge registered in the State of Texas, Coast Guard identification no. 531552, built in 1971, with principal dimensions of 130 feet in length, 33 feet in breadth, and 7 feet in depth. At all material times, the JOHNATHON KING BOYD was in compliance with State and Federal regulations.

V.

Prior to and at all times hereinafter described, Limitation Plaintiff exercised due diligence to make and maintain the Vessels in all respects seaworthy; and at all times hereinafter the described Vessels were, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped, and furnished, and in all respects seaworthy and fit and proper for the service in which the Vessels were engaged.

VI.

On April 17, 2018, the Vessels were performing dredging activity in Matagorda Bay, Texas.

VII.

During the dredging activity, a spud leg of the JOHNATHON KING BOYD allegedly contacted a submerged pipeline, which, upon information and belief, was owned and operated by Genesis Energy, L.P. ("Genesis"). As a result of the alleged contact, both the BAYOU CHEVRON and JOHNATHON KING BOYD were destroyed by a fire.

62745:30460559

2

## VIII.

The above described events, and any alleged injuries, losses, damages, death, or destruction resulting from the contact between the Vessels and the pipeline, were not caused or contributed to by the fault, neglect, lack of due diligence or want of due care on the part of Limitation Plaintiff, the design or condition of the Vessels, nor were the Vessels in any way unseaworthy. Rather, if any injuries, losses, damages, death, or destruction were sustained as a result of the incident involving the Vessels and the pipeline on April 17, 2018, which is denied, said damages were due to and/or caused by the fault, neglect, lack of due diligence or want of due care of others for whom Limitation Plaintiff are not responsible.

## IX.

The injuries and property damage, if any, sustained by any and all persons or entities, which may have resulted from the alleged occurrence or occurrences, could only have been occasioned and incurred without the privity or knowledge of the Limitation Plaintiff.

## X.

Limitation Plaintiff has a reasonable basis upon which to believe that claims will be asserted and prosecuted against it in amounts exceeding the total sum it may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

## XI.

Except as otherwise stated in this Verified Compliant, Limitation Plaintiff is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessels in connection with the incident made the subject of this Verified Complaint.

**XII.**

Notwithstanding the fact that the alleged injuries, losses, damages, death, or destruction described herein, if any and which are in all respects denied, were occasioned or incurred without the fault, design, neglect, privity, or knowledge of Limitation Plaintiff, or anyone for whom Limitation Plaintiff is or at any material time was responsible, nevertheless claims and/or demands have been made against Limitation Plaintiff. As a result of the alleged April 17, 2018 incident: (1) Genesis has claimed against Limitation Plaintiff for damages and losses with respect to the alleged contact by the JONATHON KING BOYD with its submerged pipeline; (2) John Hanks and Richard Toscano have claimed against Limitation Plaintiff for personal injuries; and (3) the United States Coast Guard may seek recovery of certain costs from Limitation Plaintiff.

**XIII.**

Limitation Plaintiff initially received notice of Genesis' written claim on April 27, 2018. Limitation Plaintiff initially received notice of John Hanks and Richard Toscano's potential personal injury claims on or about April 18, 2018 and June 12, 2018, respectively. As is evidenced above, this Verified Complaint is filed within the running of six months from the date Limitation Plaintiff will have received first notice of a limitable claim.

**XIV.**

As shown in the Declaration of Value and Pending Freight, attached hereto as Exhibit A and incorporated herein by reference for all purposes, the value of Limitation Plaintiff's interest in the Vessels following the casualty described above was ONE HUNDRED AND SIXTY-FIVE THOUSAND U.S. DOLLARS ($165,000.00).

## XV.

The total amount of pending freight for this voyage as of the casualty is ONE HUNDRED NINETY-EIGHT THOUSAND AND ONE HUNDRED AND EIGHT U.S. DOLLARS ($198,108.00), as shown in the Declaration of Value and Pending Freight, attached hereto as Exhibit A and incorporated herein by reference for all purposes.

## XVI.

Subject to an appraisal of its interest, Limitation Plaintiff herewith deposit with the Court, as security for the benefit of all potential claimants, an *Ad Interim* Stipulation for Value in the sum of THREE HUNDRED SIXTY-THREE THOUSAND AND ONE HUNDRED AND EIGHT U.S. DOLLARS ($363,108.00), plus interest at six percent (6%) per annum from the date of said Stipulation, said sum representing the total value of the Vessels, their appurtenances, and pending freight following the casualty.

## XVII.

Limitation Plaintiff claims exoneration from liability for any and all injuries, losses, damages, or destruction caused by, arising out of, occasioned, or incurred as a result of the aforesaid casualty and for any and all claims therefor. Limitation Plaintiff alleges that it has valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in The Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*., (formerly 46 U.S.C. App. §§ 181, *et seq*.) and the various statutes supplemental thereto and amendatory thereof, and Rule F of the Supplemental Rules, and to that end Limitation Plaintiff herewith deposits with the Court, as security for the benefit of potential claimants, the aforementioned *Ad Interim* Stipulation for Value, with sufficient security for the amount of the value of their interest in the

Vessels and their pending freight as provided by the aforesaid statues, by the Federal Rules of Civil Procedure including the Supplemental Rules, and by the rules of practice of this Honorable Court.

### XVIII.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount or value of its interest in the Vessels and their pending freight is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Stipulation, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

### XIV.

As the Vessels have not been arrested or libeled, Limitation Plaintiff affirmatively shows that venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules.

### XV.

All and singular, the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, Limitation Plaintiff prays that:**

(1)    This Court issue an Order approving the above described *Ad Interim* Stipulation for Value or surety deposited with the Court by Limitation Plaintiff, as security for the amount or value of its interests in the Vessels and their pending freight;

(2)    This Court issue a Notice to all persons asserting claims with respect to which this Verified Complaint seeks exoneration or limitation, admonishing them to file their respective

claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiff an answer to this Verified Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, or proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiff and its Underwriters, and/or against the Vessels, their officers and crew or against any employee or property of Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, death, or injury occasioned or incurred as a result of the aforesaid casualty;

(4) This Court adjudge that Limitation Plaintiff and its Underwriters are not liable to any extent for any injuries, losses, damages, death, or destruction occurring as a result of the casualty in question, or for any claim thereafter in any way arising out of or resulting from the aforesaid casualty;

(5) This Court adjudge that Limitation Plaintiff and its Underwriters are not liable to any extent for any injuries, loss, damages, death, or destruction occurring as a result of the casualty in question, or for any claim whatsoever in any way arising from or in consequence of the aforesaid casualty; or if Limitation Plaintiff and its Underwriters should be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiff's interests in the Vessels and their pending freight, as aforesaid, at the end of the voyage on which they were engaged at the time of said injuries, losses, damages, death, or destruction, and that Limitation

Plaintiff and its Underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order herein above prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging Limitation Plaintiff, its Underwriter, and the Vessels from all further liability; and

(6) Limitation Plaintiff may have such other, further and/or different relief as equity and justice may require.

Respectfully submitted,

By: */s/ Scott R. Breitenwischer*
Scott R. Breitenwischer
State Bar No. 02947695
Federal I.D. No. 10827
Scott.Breitenwischer@roystonlaw.com
Richard A. Branca
State Bar No.: 24067177
Federal I.D. No.: 828076
Richard.Branca@roystonlaw.com
1600 Smith Street, Suite 5000
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile:  (713) 225-9945

**ATTORNEYS FOR LIMITATION PLAINTIFF RLB CONTRACTING, INC.**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF RLB CONTRACTING, INC., AS OWNER AND OPERATOR OF THE BAYOU CHEVRON AND JOHNATHON KING BOYD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY § § § § § § § | CIVIL ACTION NO. 4:18-cv-3844<br><br>ADMIRALTY RULE 9(h) |

## VERIFICATION

STATE OF TEXAS      §
                   §
COUNTY OF HARRIS    §

Before me now, the undersigned Notary, came and appeared Scott R. Breitenwischer, who after being duly sworn, did depose and state:

1. That he is counsel with the law firm of Royston, Rayzor, Vickery & Williams, LLP, and is the attorney for Limitation Plaintiff in the above-captioned action;

2. That he has read the above and foregoing Verified Complaint for Exoneration From or Limitation of Liability, that all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief, and that the source of his knowledge and the grounds for his belief being information obtained from his clients and investigation by him and his representatives; and

3. That he is specifically authorized by Limitation Plaintiff to make this Verification on their behalf.

_____
Scott R. Breitenwischer

SWORN TO AND SUBSCRIBED BEFORE ME on this 16th day of October, 2018.

_____
NOTARY PUBLIC

[Notary Seal: HOLLIANNE LAUERSDORF, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 12-13-2019]